IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA OSTEEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-cv-3148-B (BT) |
| | § | |
| GODSEY MARTIN PC, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* plaintiff Chelsea Osteen filed this employment discrimination case without paying the filing fee. The Court issued an order and notice of deficiency (NOD) requiring Osteen to, by December 22, 2025, either pay the full $405.00 filing fee or apply for leave to proceed *in forma pauperis* (IFP) using the AO 239 form. *See* NOD (ECF No. 4). The Court warned Osteen that her failure to comply with the NOD may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). *Id.*

Osteen filed an IFP application on the correct form, but it is incomplete and missing important information, and Osteen's time to comply with the NOD has passed. IFP App. (ECF No. 5). Specifically, Osteen left blank part of the form asking for her average monthly income from employment during the past twelve months.[1]

---

[1] While it is not entirely clear given her incomplete application, it appears that Osteen, who earns $4,800 a month (or $57,600 a year), is not eligible to proceed IFP and should be required to pay the filing fee.

*Id.* at 1. Her application is also unclear as to whether she is currently employed by Duke Seth PLLC, as she did not provide the "dates of employment," but only one date, 10/13/25. *See Id.* at 2. Finally, Osteen left blank the part of the form asking her to state the amount of money she or a spouse has in bank accounts or in any other financial institution. *Id.*

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.,* 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.,* 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas,* 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Osteen's failure to pay the full filing fee or submit a complete IFP application with all requested information prevents this case from proceeding. Accordingly, the Court should dismiss Osteen's case without prejudice for failure to prosecute and failure to follow Court orders unless she submits a complete IFP application within the time to object to this recommendation or some other deadline

established by the Court. *See, e.g., Branson v. Britt,* 2023 WL 3105134, at *1 (E.D. Tex. Jan. 25, 2023) (recommending that plaintiff's case be dismissed for failure to provide complete IFP application and collecting cases supporting Rule 41(b) dismissal under such circumstances), *rec. accepted,* 2023 WL 3097950 (E.D. Tex. Apr. 26, 2023).

## Recommendation

The District Judge should dismiss Osteen's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey Court orders unless she submits a complete IFP application providing all required information within the time to object to this recommendation or some other deadline established by the District Judge.

**SO RECOMMENDED.**

April 22, 2026.

$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx}$
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).